JOHN F. SPAULDING *vs.* FREEMAN G. YEATON.

Kennebec. Opinion October 12, 1889.

*Costs. Action of Debt. R. S., c.* 80, § 50; *c.* 82, § 120; *c.* 83, § 3.

If in a trial of an action of debt, commenced in a superior court, to recover under a penal statute not less than twenty nor more than fifty dollars forfeited to the prosecutor, the jury return a verdict for twenty dollars only, the plaintiff is entitled to quarter costs only.

ON EXCEPTIONS, by plaintiff to the ruling of the superior court for Kennebec county in the taxation of costs.

This was an action of debt to recover the penalty named in § 50, c. 80, R. S., for serving civil process without first giving bond as required therein.

By consent of parties the jury were allowed to fix the amount of the penalty.

The ad-damnum stated in the writ was one hundred dollars, and in the declaration the plaintiff claimed to recover the forfeiture in such case made and provided, but the plaintiff's counsel in his argument to the jury claimed the minimum amount of the forfeiture.

The verdict was against the defendant, and the jury fixed the penalty at twenty dollars. The day of the rendition of the verdict was February 13, 1889, and on February 17, during the term, and before judgment in said action the plaintiff filed an application to the court under § 136, c. 82, R. S., for the taxation of costs to be allowed him.

The court ruled that the plaintiff was entitled to only one-fourth of the amount of the penalty fixed by the jury, as costs.

*F. E. Southard*, for plaintiff.

This belongs to a class of cases where the minimum penalty only, could by any possibility, give a trial justice jurisdiction. The forfeiture, by the terms of the statute, is a variable amount. It may be twenty dollars, it may be fifty dollars, or it may be any sum between these limits. The penalty is in the nature of

a fine.   Technically there are no damages.   The unlawful act which this defendant was found by the jury to have committed, did no damage, strictly speaking, to any individual.   The statute gives to any person the right to sue for the penalty.   The action is known to the law as a "popular" action.   5 Wait's Actions and Defences, 156.   The public have an interest in such cases. They have a right to have the full amount of the penalty assessed, if such a fine would be commensurate with the act complained of, and having that right, no individual, by bringing the action before a trial justice, can deprive them of it.   This action is given as a matter of public policy.   Shall then, an individual, by bringing the action in a court which has no power to award judgment for anything more than the minimum fine, be allowed to defeat in part the very object of the statute?   And will this court say that an action of this sort, because the verdict is only twenty dollars, should have been brought before a trial justice?

By statute 18 Eliz. c. 5, § 3, no informer or plaintiff in any popular action shall compound or agree with the offender without the order or consent of the court in which the suit shall be pending.   5 Wait's Actions and Defences, 165.   It is believed that this statute is a part of our law, and we submit that it contemplates that the action should be brought in a court competent to make any order respecting it, even to the imposition of the highest forfeiture given.

In these cases the prosecutor stands in the place of the state. Is there any doubt that if this prosecution had been by the state, by "suit, indictment or information" under § 94, c. 81, full costs would have followed the imposition of the minimum penalty? Take the case of the penalty for kindling fires and the spreading of the same under § 15 of c. 26,—not less than ten or more than five hundred dollars.   This may be recovered by any prosecutor, half to his own use and half to the town.   Will the court hold that an individual can deprive the public of the salutary influence of the imposition of a fine commensurate with an offense contemplated by this statute, by bringing an action in a court whose limited jurisdiction renders it unable to impose what might be deemed a decently adequate punishment?

I do not find any case which appears to me to be decisive of the case at bar. *Carroll* v. *Richardson,* 9 Mass. 329, is an authority for bringing an action where the penalty is from two to fifty dollars, before a justice of the peace; but the decision in that case, that the plaintiff could, by alleging his damages at twenty dollars, bring his action before a justice of the peace, went upon the ground that the whole penalty was given by the statute to the corporation suing, by name, and that they, if they saw fit, might legally demand the smallest penalty, and the court say, "Had the forfeiture been wholly to the public, or part to the plaintiff and part to the public, or to a county, town, &c., the objection" (that it should have been brought before a court competent to give judgment for the highest sum) "would have great weight." In the case at bar, the penalty was not given to the plaintiff by name. It accrued to any person who might sue. It was wholly a public matter, and should have been, as it was, brought in a court competent to render judgment for the highest amount. *Houlton* v. *Martin,* 50 Maine, 366, is no authority in this case. There the penalty was given to the town. No other corporation, no person could sue. The town was the only party competent to sue; it was not a "popular" action; the town could compromise the matter in any way they saw fit, and in that case it was very properly held that costs should be restricted. Further, the penalties in the class of cases to which *Carroll* v. *Richardson,* and *Houlton* v. *Martin,* belong, are more of the nature of damages than of fines, but in the case at bar the penalty is purely a fine and should be brought where the full amount might be awarded.

R. S., c. 82, § 120, provides that when it shall appear on rendition of judgment that the action should have been brought before a trial justice, the plaintiff recovers but one-fourth of his judgment as costs.

The judgment in this case, if it had been entered on the day the plaintiff filed his application for the taxation of costs, would have exceeded twenty dollars, and it was through no fault of the plaintiff that judgment was not entered immediately after verdict. He has interposed no motion to prevent the entering of judgment. The interest, which under § 34 of c. 82, shall be added to the

verdict makes the judgment to be entered something more than twenty dollars. In *Boothbay* v. *Wiscasset*, the plaintiff appealed from a judgment of the court of common pleas and obtained a verdict of less than one hundred dollars in the supreme judicial court. The defendant interposed a motion for a new trial and the judgment was thereby delayed until the verdict, with interest exceeded one hundred dollars, and it was held that the plaintiff was entitled to full costs. Stat. 1822, c. 193, § 4. *Boothbay* v. *Wiscasset*, 3 Maine, 354.

In *Lawrence* v. *Ford*, 44 Maine, 429, Judge MAY says, "Whether an action ought to be so brought" (that is brought originally before a justice of the peace.) "is ordinarily to be determined by the amount of the judgment," and Chief Justice WHITMAN in his opinion in *Forbes* v. *Bethel*, 28 Maine, 204, says, "It may be observed that it is not said, if the plaintiff shall recover no more than twenty dollars damages that he shall be restricted as to costs ; but that, if it shall appear on the rendition of judgment, etc. This phraseology was used, doubtless, with an intention that the court should look into the case and see that the plaintiff when he commenced his action, could not have commenced it properly elsewhere than the supreme judicial court or a district court."

There is a class of cases of which *Hervey* v. *Bangs*, 53 Maine, 514, is a type, holding that the accumulation of interest on verdicts is not to affect the question of costs. But these cases really go upon the ground that the interest accumulates through the fault of the plaintiff in interposing motions for new trials or exceptions, thus himself delaying judgment until the accumulation of interest and the verdict exceeds twenty dollars.

In pursuance of these principles, the court have examined this class of cases and restricted costs because of the fault of the plaintiff in interposing delays.

We submit that no such fault can be imputed to the plaintiff in the case at bar, and that the case is one (if c. 82, § 120, applies at all) where the amount of the judgment will be allowed to draw after it full costs.

But when *Forbes* v. *Bethel* was decided the court stated that the

statute allowing interest on verdicts was discretionary and intimated that if, as in another statute, the discretion were taken away and the duty made imperative, the plaintiff who obtained a verdict of twenty dollars and delayed judgment until an accumulation of interest would make the judgment to be entered more than that sum, would be entitled to full costs. And in that case stress was laid on the fact that the plaintiff was at fault in causing delay of judgment and the court would not exercise its discretion to increase the judgment by the addition of interest, so as to give the plaintiff full costs. The law now makes the addition of interest imperative, the word "may" being left out of the revision of 1857 and the word "shall" being inserted in the last.

There is no authority in the statute for assuming that the verdict settles the costs, or that it is to be the controlling factor. On rendition of judgment the court is to examine the case, and if on the whole case it appears that it should, not might, have been brought before a trial justice, quarter costs only are to be awarded.

The legislature in fixing the penalty to be assessed in this action at from twenty to fifty dollars must have intended that actions of this sort should be brought before a superior court.

It is hardly possible to think that they intended to give one court jurisdiction to award the minimum penalty only, and another jurisdiction to award a thousand different penalties.

*S. and L. Titcomb,* for defendant.

Counsel cited: R. S., c. 82, § 120; *Houlton* v. *Martin,* 50 Maine, 336; *Forbes* v. *Bethel,* 28 Id. 204; *Rawson* v. *New Sharon,* 43 Id. 318; *Boston* v. *York,* 1 Id. 406; *Brewer* v. *Curtis,* 12 Id. 51; *Foster* v. *Ordway,* 26 Id. 322; *Lawrence* v. *Ford,* 44 Id. 427; *Hervey* v. *Bangs,* 53 Id. 514; *Burnham* v. *Ross,* 47 Id. 460.

Case not within the exceptions of the statute, plaintiff restricted to quarter costs. *Ladd* v. *Jacobs,* 64 Maine, 347; *Carroll* v. *Richardson,* 9 Mass. 329; *Badlam* v. *Field,* 7 Met. 271; *Blanchard* v. *Fitchburg R. R. Co.,* 8 Cush. 280.

VIRGIN, J. By serving a civil process before he had given the official bond required of him as constable, the defendant "for-

feited not less than twenty, nor more than fifty dollars to the prosecutor." R. S., c. 80, § 50.

At the trial of the plaintiff's action of debt for the recovery of the forfeiture, commenced and tried in the superior court, the plaintiff's counsel in his argument to the jury expressly claimed a verdict for only twenty dollars; and the jury concurred and returned their verdict for that sum. Four days thereafter, when the plaintiff taxed his bill of cost, the judge restricted his taxation to one quarter part of the verdict and the plaintiff alleged exception. The question therefore is: "Is the plaintiff entitled to more than quarter costs, if in the trial of his action of debt commenced in a superior court to recover under a penal statute "not less than twenty nor more than fifty dollars" forfeited to the prosecutor, the jury returns a verdict for only twenty dollars. The decision of this question depends upon a proper construction of two companion statutory provisions.

1. In actions commenced in the supreme judicial or a superior court, except those by or against towns for the support of paupers, if it appears on the rendition of judgment that the action should have been commenced before a municipal or police court or a trial justice, the plaintiff recovers for costs only one quarter part of his debt or damages." R. S., c. 82, § 120.

No provision therein contained negatives the jurisdiction of the supreme or superior court of actions commenced therein notwithstanding they properly "should have been commenced before" one of the inferior tribunals specified. On the contrary the "rendition of judgment" in such actions is permitted when the *ad damnum* is more than twenty dollars. *Cole* v. *Hayes*, 78 Maine, 539. The particular object of the provision which restricts the plaintiff's costs in certain actions to a sum equal to one quarter of his debt or damage recovered, is to discourage a plaintiff from commencing them in the higher courts when a less expensive and convenient tribunal is open to him. *Chesley* v. *Brown*, 11 Maine, 143, 149; *Burnham* v. *Ross*, 47 Maine, 460 and note by KENT, J.

The language of the original provision (Stat. 1821, c. 59, § 30) was: "If upon any action originally brought before the court of common pleas judgment shall be recovered for no more than

twenty dollars debt or damage, the plaintiff shall be entitled for his costs to no more than one quarter part," &c. Subsequently the court, by what was deemed a "fair and consistent construction" of the phrase "any action," restrained its generality so as not to include certain actions wherein title to real estate might be involved and restrict costs therein though the debt or damage recovered might be twenty dollars or less. Thereupon the legislature, to harmonize and make plain the law, changed the language of the original provision regulating costs by substituting for the unqualified phrase: "if upon any action judgment shall be recovered for no more than twenty dollars debt or damage," the general provision without specifying the exceptions: "if it appears on the rendition of judgment that the action should have been commenced before a municipal or police court or trial justice." *Hervey* v. *Bangs*, 53 Maine, 514, 516.

II. What actions should be commenced before the inferior tribunals named?

The general answer is found in the provision defining the jurisdiction of those tribunals; and that relating to trial justices is: "Every trial justice has original and exclusive jurisdiction of all civil actions (with certain exceptions not material to our present inquiry) including prosecutions for penalties in which his town is interested, when the debt or damages demanded do [does] not exceed twenty dollars." R. S., c. 83, § 3. In cases not excepted the verdict generally settles the debt or damages for which an action is instituted. If not exceeding twenty dollars, the verdict shows the cause of action was within the jurisdiction of a trial justice and "should have been commenced before him." As interest on a verdict is no part of the cause of action, but is rather in the nature of a penalty for delaying the plaintiff in reaping the fruit of the decision in his favor, it in nowise affects the question of costs even when it swells the debt or damage to an amount of judgment exceeding twenty dollars. *Hervey* v. *Bangs, supra.*

On recurring to R. S., c. 83, § 3, it appears that, prosecutions for penalties, even in which their towns are interested, are expressly within the jurisdiction of trial justices. And although the maximum penalty sued for is more than twenty dollars still

the sum recovered was settled by the jury and that too at the special request of the plaintiff, at a sum not exceeding twenty dollars ; and we can perceive no reason why he shall be allowed to evade or avoid the plain rules of, and practice under the statute.    Moreover the case is settled in principle by *Houlton* v. *Martin,* 50 Maine, 336, and cases there cited.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and HASKELL, JJ., concurred.